THE ROBERT BURNETT.

(District Court, S. D. New York. December 27, 1904.)

1. COLLISION—TOWS IN EAST RIVER—TUGS WITHOUT LOOKOUTS.
    Two tugs with tows, neither of which had a lookout on duty nor gave any signals, both *held* in fault for a collision between the tows in East river.

In Admiralty. Suit for collision.

Henry W. Goodrich, for libellant.

Carpenter, Park & Symmers, for the Robert Burnett.

Henry W. Taft and William Greenough, for the railroad company.

ADAMS, District Judge. This action was brought by William Bailey, as owner of the barge Bessie S., to recover the damages suffered by him through a collision between the barge, while in tow on a hawser of about 100 feet in length, in company with two other boats, of the tug Robert Burnett, and Car Float No. 26 in tow of the New York, New Haven and Hartford Railroad Company's tug Transfer No. 5, about 3 o'clock p. m. of the 6th day of January, 1904, in the East River, about opposite pier 50. The Burnett and tow were bound from 96th Street to Port Johnson. The tow was light. The tide was ebb. The fact of there having been such a collision is disputed by the respondent.

I find that the collision happened in the vicinity alleged, towards the middle of the river, but rather on the New York side. A collision of more importance occurred about the same time between the car float and the steamship Shimosa, docking at the upper side of new pier 36 (old 47), between Jefferson and Clinton Streets. The tug had taken the float, about 225 feet long, in tow on her own starboard side at the lower side of pier 51 to be moved to the lower

side of old pier 49. They backed out and drifted down with the tide. While waiting to get in to pier 49, they were driven by the floating ice, in connection with the wind and tide, into the steamship. The collision with the Bailey occurred during the backing and drifting and was possibly not noticed by those on the No. 5 or the car float, although there is testimony to show that some men on the float observed the wound made in the Bailey and laughed at it.

There is no doubt in my mind that the collision occurred, as claimed by the libellant, by the port stern corner of the float striking the starboard side of the Bailey. No signals were given and neither the Burnett nor No. 5 had any lookout carefully attending to his duty. The collision seems to be directly attributable to such neglect and both the Burnett and the respondent must therefore be held for the damages.

Decree for the libellant against the Burnett and the Railroad Company, with an order of reference.